UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 94-381 |
| DAMON CAUSEY | SECTION "B"(5) |

### ORDER AND REASONS

Before the Court are petitioner Damon Causey's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) (Rec. Doc. 2486), the government's opposition (Rec. Doc. 2492), and petitioner's response to the government's opposition (Rec. Doc. 2494). For the following reasons,

**IT IS ORDERED** that defendant's motion for reduction in sentence is **DENIED**.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In October of 1994, New Orleans police officer Len Davis coordinated with Paul Hardy and Damon Causey to murder Kim Marie Groves after Groves had filed a complaint three days earlier with the Internal Affairs Division against Davis alleging that he engaged in police brutality. *United States v. Davis*, 380 F.3d 821, 823-24 (5th Cir. 2004). Davis told Hardy and Causey where Groves was located. *Id.* at 824. Hardy and Causey went to Groves' location and Hardy shot her in the head, killing her. *Id.*

In April of 1996, at the conclusion of a jury trial, Davis, Hardy, and Causey were found guilty as to Conspiracy Against Rights Resulting in Death in violation of 18 U.S.C. § 241 and Deprivation of Rights Under Color of Law Resulting in Death in violation of 18 U.S.C. § 242. *See* Rec. Doc. 498 at 2-7. In addition, Davis and Hardy were also found guilty as to Killing a Witness to Prevent the Witness from Proving Information Regarding a Federal Offense in violation of 18 U.S.C. § 1512; the jury was unable to reach a verdict on this charge against Causey. *See id.*

1

Both §§ 241 and 242 carry a maximum sentence of ten years. 18 U.S.C. § 241; 18 U.S.C. § 242. However, if death results, the person convicted "shall be fined . . . or imprisoned for any term of years or for life, or both, or may be sentenced to death." *Id.* The appropriate sentencing guideline for convictions under §§ 241 and 242 is U.S.S.G. § 2H1.1. *See United States v. Causey*, 185 F.3d 407, 420 (5th Cir. 1999). § 2H1.1 states that the sentencing judge must apply the greatest base offense level of "(1) the offense level from the offense guideline applicable to any underlying offense," or (2) twelve (12), ten (10), or six (6), subject to the conditions of the offense. U.S.S.G. § 2H1.1; *see also Causey*, 185 F.3d at 420. The pre-sentence report applied the base offense level from the guideline applicable to First Degree premediated murder under U.S.S.G. § 2A1.1(a), which provides a base offense level of forty-three (43) and requires a mandatory life sentence. U.S.S.G. § 2X1.1; *see also Causey*, 185 F.3d at 420. Therefore, the judge sentenced Causey to life in prison and his co-defendants were sentenced to death. Rec. Doc. 641; *Causey*, 185 F.3d at 410-11.

All three defendants appealed their convictions. *Id.* The Fifth Circuit affirmed Causey's convictions and life sentence. *Id.* at 411. However, Hardy and Davis had their convictions vacated and remanded for resentencing. *Id.* On remand, the district court dismissed Hardy's indictment on the third count and he was sentenced to life imprisonment. *See id.* at 423; Rec. Doc. 2492 at 2 n.1. Davis' conviction remained the same. *See United States v. Davis*, 609 F.3d 663, 699 (5th Cir. 2010).

Causey now moves for a sentence reduction alleging non-retroactive changes in the law and a gross disparity of his sentence nationally and between his co-defendants. Rec. Doc. 2486 at 1, 5.

2

**LAW AND ANALYSIS**

   **A. Standard of Review**

A defendant may move the court for compassionate release after either fully exhausting his administrative rights or upon the lapse of thirty days from a request for relief to the warden, whichever is earlier. *See* 18 U.S.C. § 3582(c)(1)(A). If a defendant has properly moved for compassionate release, the court may reduce a defendant's sentence if it finds that extraordinary and compelling reasons warrant a reduced sentence and, subsequently, a reduction is in compliance with the sentencing factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1); *Ward v. United States*, 11 F.4th 354, 359-60 (5th Cir. 2021). The extraordinary and compelling reasons that warrant a sentence reduction must also be consistent with the Sentencing Commission's applicable policy statements. *See* 18 U.S.C. § 3582(c)(1)(A). The defendant has the burden of proving compassionate relief. *See United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021).

   **B. Lapse of Thirty Days from a Request for Relief to the Warden**

Causey submitted a request to the Bureau of Prisons seeking compassionate release on November 8, 2023. Rec. Doc. 2486-6 at 2. The warden denied Causey's request on November 16, 2023. *Id.* On December 14, 2023, Causey filed a motion for compassionate release in this court. Rec. Doc. 2486 at 1. Here, Causey has met the requirements for requesting compassionate release because thirty days have lapsed between Causey seeking compassionate release from the warden and his motion for compassionate release to this court. *See* Rec. Doc. 2486-6 at 2; Rec. Doc. 2486 at 1.

   **C. Validity of § 1B1.13 and § 3553(a) Sentencing Factors**

Before alleging that Causey is not entitled to compassionate release, the government contends that the Sentencing Commission's recent amendments to U.S.S.G. § 1B1.13 are invalid. Rec. Doc.

3

2492 at 10-22. Specifically, the government states that the Commission does not have authority to allow the courts to consider non-retroactive changes in the law when determining whether extraordinary and compelling reasons warrant a sentence reduction. *Id.* When grappling with this contention, this court has held that the court does not need to decide the validity of § 1B1.13(b)(6) if the sentencing factors under § 3553(a) weigh against compassionate release. *United States v. Bolton*, No. 09-166, 2024 WL 1966448, at *8 (E.D. La. May 3, 2024) (citing *United States v. Allen*, No.12-138, 2024 WL 640017, at *3 (E.D. La. Feb. 15, 2024)). Here, Causey does not meet the sentencing factors under § 3553(a), so the court does not need to determine whether the Commission had authority to enact § 1B1.13(b)(6).

The § 3553(a) factors must independently support a sentencing reduction. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a) ("[T]he court may reduce a term of imprisonment . . . after considering the factors set forth in 18 U.S.C. § 3553(a) . . ."). As the Fifth Circuit has expressed it, the § 3553(a) factors offer "an alternative basis for denying relief." *United States v. McFadden*, No. 20-40801, 2022 WL 715489, at *3 (5th Cir. Mar. 9, 2022) (citing *United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020)).

In maintaining "a sentence sufficient, but not greater than necessary," the court evaluates Causey's compassionate release motion through the stated factors:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed—

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a). The court's application of the § 3553(a) factors is discretionary. *See Ward*, 11 F.4th at 360 (quoting 18 U.S.C. § 3582(c)(1)(A)) ("[M]otions for compassionate release are inherently discretionary. By statute, a district court 'may' reduce an otherwise-eligible defendant's sentence 'after considering the factors set forth in 18 section 3553(a) to the extent that they are applicable.'"); *Chambliss*, 948 F.3d at 693 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)) ("[A] 'sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case.' Thus, we give deference to the district court's decision and note that reversal is not justified where 'the appellate court might reasonably have concluded that a different sentence was appropriate.'"). While noting that the Supreme Court has described, "for argument's sake," a district court to have "equivalent duties when initially sentencing a defendant and when later modifying the sentence," the Fifth Circuit has concluded that "[f]lexibility and discretion from rigid rules is particularly applicable when there is a motion to modify a sentence." *Ward*, 11 F.4th at 361 (discussing *Chavez-Meza v. United States*, 585 U.S. 109, 114 (2018)).

In regard to the first sentencing factor, including the nature and circumstances of the offense and the history and characteristics of the defendant, Causey focuses on the latter. *See* Rec. Doc. 2486 at page 9. To prove that he meets the first sentencing factor, Causey alleges that his case is analogous to *United States v. Daggs*, where this court found that a defendant met the § 3553(a) factors. No. 09-166, 2022 WL 4365880, at *7. The § 3553(a) factors were met in *Daggs* because Congress changed the sentencing guidelines to the charge the defendant was convicted of from a mandatory life sentence to a 10-year minimum. *Id*. In addition, the defendant in *Daggs* had been sanctioned for disruptive behavior but had no infractions in the last five years and "completed several educational and self-improvement courses while in custody." *Id*. Significantly, the court in

5

*Daggs* found that the defendant met the sentencing factors because the circumstances surrounding his offense had changed *and* he had engaged in rehabilitation. *Id.* Here, there are similarities between Causey and the defendant in *Daggs*, including their infractions while in prison and engagement in educational resources, but it is not enough similarity to find that Causey also meets the first sentencing factor. Specifically, in Causey's case, there has not been a change in the law that would provide him with a lesser sentence if sentenced today like there was in *Daggs*.

Causey relies on *Alleyne v. United States* and *Burrage v. United States* to allege that there is a non-retroactive change in the law that would warrant a lesser sentence if he was sentenced today. Rec. Doc. 2486 at 6. Under *Alleyne*, the Court held that any sentencing fact that increases the mandatory minimum or maximum sentence is an element of the crime that has to be submitted to a jury. *See Alleyne*, 570 U.S. at 103. Accordingly, Causey states that if sentenced today, under *Alleyne*, the jury would have to determine, beyond a reasonable doubt, whether death resulted because the "death results" enhancement increased his mandatory minimum sentence. Rec. Doc. 2486 at 6-7. On the other hand, the government contends that *Alleyne* provides no support to Causey because "*Alleyne* addressed a failure to make specific statutory finding by the jury before offering an enhanced sentence could be imposed for conviction under 18 U.S.C. § 924(c)." Rec. Doc. 2492 at 24.

The government's argument is more convincing in this case. Specifically, Causey's reliance on *Alleyne* does not create a non-retroactive change in the law because the jury instructions provide that the jury made the "death results" determination when he was convicted. *See* Rec. Doc. 489 at 18-19. The jury instructions for § 241 in relation to Causey required that the jury find beyond a reasonable doubt "[t]hat Kim Marie Groves died as a result of acts committed in furtherance of the conspiracy. . . [i]t must prove that the victim's death was a foreseeable result of the defendant's

6

conduct." Rec. Doc. 489 at 19. The jury instructions for § 242 also require that the jury find "[t]hat Kim Marie Groves died as a result of defendant's conduct." Rec Doc. 489 at 21. Accordingly, the jury made the "death results" determination. Therefore, even though *Alleyne* was not the law at the time of this case, it is still satisfied today.

Causey also relies on *Burrage*, which held that under the Controlled Substances Act, the "death results" sentencing enhancement must be submitted to a jury and found beyond a reasonable doubt because it increases a defendant's possible minimum and maximum sentence. *Burrage*, 571 U.S. at 208-210. It is not clear whether the "death results" sentencing enhancement under the Controlled Substances Act can apply to the "death results" sentencing enhancement under §§ 241 and 242. However, in *Burrage*, the district court declined to provide jury instructions regarding causation and that drug use "was the proximate cause of [the victims] death." *Id*. at 207-08. In Causey's case, each count provided jury instructions relating to death resulting from Causey's conduct and the jury convicted Causey on two counts. Rec. Doc. 489 at 18-22. Therefore, the jury made the "death results" determination and Causey's sentence would be the same today.

Further, the nature of the offense in *Daggs* is drastically different from Causey's case. In *Daggs*, the defendant was sentenced to life in prison for drug trafficking and firearms convictions. *Daggs*, No. 09-166, 2022 WL 4365880, at *1. Here, Causey conspired to murder the victim so that they could not testify against a police officer who allegedly engaged in illegal conduct. *See Davis*, 380 F.3d at 823-24. On face value, the circumstances surrounding each offense are very different. In addition, the government brings to light other cases in this court that have denied compassionate release in similar circumstances. Rec. Doc. 2492 at 28-29. For example, in *United States v. Jones*, the court denied compassionate release to a defendant that had engaged in "the murder of an innocent bystander" even though the defendant "did not pull the trigger himself." *Jones*, No. 09-

7

398, 2023 WL 3737951 at *3. Therefore, the nature and circumstances of Causey's offense weigh against compassionate release, although his rehabilitation is commendable.

Even assuming that Causey meets the first sentencing factor, Causey does not meet the remaining sentencing factors. When addressing the sentencing factors that relate to the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, Causey argues that his sentence should not have been identical to his co-defendant, Hardy, because he was not convicted under § 1512, which Causey refers to as the "murder" count. Rec. Doc. 2486 at 10-11. The Fifth Circuit addressed this argument when Causey appealed his conviction, stating that "[t]he jury's failure to reach a verdict on [§ 1512] has no bearing on [Causey's sentence]." The court went on to explain that "Causey mischaracterizes [§ 1512] as the 'murder' count and as the 'underlying offense' count. In fact, [§ 1512] was the witness tampering count. . . All three Counts involved the underlying offense of murder." *Causey*, 185 F.3d at 421. In addition, the district court on remand dismissed Hardy's indictment under § 1512 before lowering his sentence to life in prison. Rec. Doc. 2492 at 2 n.1. Ultimately, Causey and Hardy have the same convictions and sentence. Therefore, Causey's life sentence is correct.

Causey also points to Judge Dennis' concurrence and Judge DeMoss' concurrence in part and dissent in part to argue that he is entitled to compassionate release. Rec. Doc. 2486 at 11. However, both judges addressed that trying Causey, a noncapital defendant, with Hardy and Davis, capital defendants, prejudiced him. *Causey*, 185 F.3d at 428-33 (DeMoss, J., concurring in part and dissenting in part); *Causey*, 185 F.3d at 443-446 (Dennis, J., concurring). Neither judge states that this meant that Causey would not have been charged with the same charges, or that the underlying offense would change. *See id*. Moreover, their opinions are not the majority, controlling opinion of the court, which upheld Causey's life sentence. See id. at 421 (affirming

"the district court's application of the sentencing guidelines to Causey").

Finally, Congress has directed that rehabilitation alone is insufficient for compassionate release. 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason"); *see also United States v. Jean*, 108 F.4th 275, 284 (5th Cir. 2024). Here, Causey's arguments in favor of the sentencing factors all fail except for his rehabilitation, which is commendable, but not enough for compassionate release. *See id*. Accordingly, Causey does not meet the sentencing factors.

### D. **Extraordinary and Compelling Reasons**

Assuming that § 1B1.13(b)(6) is valid, and that Causey meets the sentencing factors under § 3553(a), there is no non-retroactive change in the law that would create a gross discrepancy in Causey's sentence if he was sentenced today. Therefore, there are no extraordinary and compelling reasons warranting a reduced sentence. The Fifth Circuit has recently held that non-retroactive changes in the law that create a gross discrepancy in sentencing, combined with extraordinary rehabilitation, could amount to extraordinary and compelling reasons warranting compassionate release. *Jean*, 108 F.4th at 281. As stated in the previous section, there is no non-retroactive change in the law that would provide Causey with a lighter sentence if he was sentenced today. His rehabilitation alone, is not sufficient for compassionate release. *See* 28 U.S.C. § 944(t).

Causey also utilizes statistics to argue that extraordinary and compelling reasons warrant a sentence reduction, stating that he has served a longer sentence than those convicted of murder on average even though he has not been convicted of murder. Rec. Doc. 2486 at 7-8. As explained earlier, Causey mistakes § 1512 as the murder count. In addition, the government contends that Causey's statistics do not prove that he would receive a lesser sentence today because the statistics

9

do not provide context surrounding the offenses committed and the Fifth Circuit's average sentences are higher than the national average Causey cites. Rec. Doc. 2492 at 26. Further, Causey has the burden of showing that he is entitled to compassionate release and statistics without context, alongside no non-retroactive change in the law, does not meet that burden. Therefore, even assuming that § 1B1.13 is valid, and that Causey meets the sentencing factors, he cannot provide extraordinary and compelling reasons in favor of compassionate release.

Causey has not met the burden for compassionate release because he does not meet the § 3553(a) sentencing factors and extraordinary and compelling reasons do not warrant a reduction in sentence. Significantly, there has been no non-retroactive change in the law that would create a gross disparity in his sentence if he was sentenced today. Therefore, Causey's motion for compassionate release is denied.

New Orleans, Louisiana, this 8th day of October, 2024

SENIOR UNITED STATES DISTRICT JUDGE